**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4201

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CEDRIC L. DOUGLAS,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:18-cr-00014-JPB-JPM-8)

Submitted:  October 17, 2022                                    Decided:  May 23, 2023

Before WYNN, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Chris W. Haaf, CHRIS HAAF LAW PLLC, Winston-Salem, North Carolina for Appellant.  William J. Ihlenfeld, II, United States Attorney, Shawn M. Adkins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant Cedric Douglas appeals his conviction by a jury on four drug-related charges arising from his role in a conspiracy to distribute methamphetamine and other controlled substances in Ohio and West Virginia. The jury found him guilty on all counts after a four-day trial. Douglas was sentenced to a term of 296 months' imprisonment, followed by a term of supervised release. Finding no error, we affirm.

On appeal, Douglas argues that the district court erred in denying a motion to suppress evidence obtained after a traffic stop of his vehicle. He also contends that the evidence presented at trial was insufficient to sustain his convictions on three of the four counts with which he was charged, namely those that relied on a theory of co-conspirator liability under *Pinkerton v. United States*, 328 U.S. 640 (1946).

Douglas challenges the district court's denial of his suppression motion on two grounds, both of which relate to a search warrant that police obtained to attach a GPS tracker to Douglas's truck. First, he asserts that he was entitled to a hearing, pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), to test the veracity of the affidavits supporting the search warrant. According to Douglas, he made the requisite "substantial preliminary showing" that the affidavits contained false statements, made with reckless disregard as to their veracity, that were material to the probable cause finding. *See United States v. Moody*, 931 F.3d 366, 370 (4th Cir. 2019) (setting forth standard). The district court disagreed, finding that Douglas had merely pointed to minor discrepancies between the challenged affidavits and other officers' investigative reports, none of which merited a *Franks* hearing. *United States v. Douglas*, No. 5:18-cr-14-8, 2020 WL 729513, at *2–3 (N.D. W. Va. Feb.

2

13, 2020) ("[T]hese nits are insufficient to warrant a *Franks* hearing."). Whether a defendant has presented sufficient evidence to entitle him to a *Franks* hearing is a question of law we review de novo. *United States v. Tate*, 524 F.3d 449, 455 (4th Cir. 2008). Upon review of the record, we conclude that Douglas failed to make a substantial preliminary showing that the affidavits supporting the search warrant contained any false statements. Thus, we find the district court was correct to reject Douglas's request for a *Franks* hearing.

Second, Douglas argues that Federal Rule of Criminal Procedure 41(b), which authorizes a state judge to issue a warrant only when a federal magistrate judge is not "reasonably available," Fed. R. Crim. P. 41(b), was violated when Detective Schuler, a Columbus, Ohio, police officer participating in a joint federal-state investigation, obtained a warrant from a local judge without first seeking one from a federal magistrate judge. The district court rejected this argument, finding that that Rule 41(b), as a rule of federal criminal procedure, did not apply to the state proceedings initiated when a Columbus police officer submitted a warrant application to a Columbus municipal judge, given that there was "no evidence that a federal officer played any role in seeking the warrant or that the warrant was applied for at the direction or urging of a federal officer." *Douglas*, 2020 WL 729513, at *5. We review the district court's determination as to the scope of Rule 41(b) de novo and its factual findings for clear error. *United States v. Kimbrough*, 477 F.3d 144, 147 (4th Cir. 2007). Upon examination of the record, we agree with the district court that Detective Schuler's request for a search warrant from the Columbus municipal judge did not initiate a federal proceeding, and consequently, Rule 41(b) did not apply.

3

As to his challenges to his convictions on the three counts that relied on a theory of co-conspirator liability, Douglas argues that the government failed to present sufficient evidence (1) that he was involved in the conspiracy at the time two of the three underlying substantive offenses were committed; (2) that he knew the conspiracy's scope included the distribution of drugs in West Virginia; and (3) that he reasonably could have foreseen that one of his co-conspirators in West Virginia, whom Douglas allegedly did not know, would possess methamphetamine with the intent to distribute it. Following the close of evidence, Douglas moved for a judgment of acquittal, arguing that the government had not provided sufficient evidence to connect Douglas to the conspiracy to distribute drugs in West Virginia. The district court rejected his motion, finding that the government was not required to prove that Douglas knew of each of the conspiracy's participants or its full geographic scope to be held liable for the criminal offenses of his co-conspirators, where those offenses were reasonably foreseeable and in furtherance of the conspiracy. *See United States v. Ashley*, 606 F.3d 135, 142–43 (4th Cir. 2010) ("The *Pinkerton* doctrine makes a person liable for substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable and in furtherance of the conspiracy."); *United States v. Banks*, 10 F.3d 1044, 1054 (4th Cir. 1993) ("It is of course elementary that one may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence.").

"When a defendant challenges the sufficiency of the evidence used to convict him, 'the relevant question is whether, after viewing the evidence in the light most favorable to

4

the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Chorman*, 910 F.2d 102, 104 (4th Cir. 1990) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).   "Our review of jury verdicts is highly deferential.   A jury verdict *must be sustained* if there is substantial evidence, taking the view most favorable to the Government, to support it."   *United States v. Barronette*, 46 F.4th 177, 203 (4th Cir. 2022) (cleaned up).   We have considered each of Douglas's arguments on this score and reviewed the trial record, and we conclude that the evidence at trial was sufficient to sustain Douglas's convictions on each of the three counts he challenges on appeal.

We have carefully considered the briefs of the parties and the record in this case. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*